```
          IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
```

LIANA RODRIGUEZ,  \*

    Plaintiff, \*

        v. \*          CIVIL NO.: WDQ-11-3299

CELLCO PARTNERSHIP, \*
d/b/a VERIZON WIRELESS

    Defendant. \*

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## MEMORANDUM OPINION

Liana Rodriguez sued Cellco Partnership d/b/a Verizon Wireless ("Verizon") for race and national origin discrimination, and retaliation, in violation of Howard County and Maryland law. Pending is Verizon's motion to dismiss or for summary judgment. For the following reasons, the Court will dismiss the complaint.

### I. Background[1]

Rodriguez is a Puerto Rican woman. Compl. ¶ 1. Verizon is a wireless service provider. Compl. ¶ 2.

On January 3, 2006, Rodriguez began working for Verizon as an account executive in business sales in Rockville, Maryland. Compl. ¶ 13. On April 1, 2007, she was promoted to major

---

[1] For Verizon's motion to dismiss, the well-pled allegations in Rodriguez's complaint are accepted as true. *See Brockington v. Boykins*, 637 F.3d 503, 505-06 (4th Cir. 2011). For the motion for summary judgment, Rodriguez's evidence "is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

account manager in Laurel, Maryland. Compl. ¶ 14. Rodriguez was "on a record breaking success team" and "won numerous awards."[2]

On November 28, 2007, Rodriguez applied to become national account manager. *See* Discrimination Charge at 1. Rodriguez was interviewed by phone and in person. *Id.* In January 2008, Shomari Williams, a man of American Indian and African American descent, was hired for the job. Compl. ¶ 15. Rodriguez "asked for feedback on [her] non-selection" several times but "[n]othing was done." *See* Discrimination Charge at 1.

Williams started as national account manager in March 2008. *See* Discrimination Charge at 1. Thereafter, Rodriguez was "denied training, denied participation in a leadership program," and "placed on restrictions that prevent[ed] her from meeting results." *See* Compl. ¶¶ 17-18. "[H]er module assignments were reduced," "her work was refused, and her performance numbers were deliberately manipulated to make it appear that she was a poor performer." *Id.*

---

[2] Mem. in Supp. of Mot. to Dismiss, Ex. 1 [hereinafter "Discrimination Charge"]. In reviewing the motion to dismiss, the court may consider allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and authentic. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). Rodriguez has not challenged the authenticity of the attachments to Verizon's motion, and a plaintiff's administrative discrimination charge is integral to a subsequent discrimination complaint. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565 (2d Cir. 2006).

"In the fourth quarter of 2008," Rodriguez "escalated her unresolved complaints to [senior] management and then to Human Resources," and "was told to transfer to retail because of [the] higher Latino population." Compl. ¶ 5; Discrimination Charge at 1.

"On or about the first quarter of 2009, [Rodriguez] reported the wrongdoing to Alicia Hayes, of Human Resources . . . , who subsequently recommended she transfer to a store with a high Latino population." Compl. ¶ 21.  Hayes is African American.  *Id.*

In May or June 2009, Rodriguez was "denied the opportunity to attend a conference."  *See* Discrimination Charge at 1.  When Rodriguez "questioned why Hispanics were not allowed to attend, Kaddia Jamieson, [of] Human Resources, said 'I know where you are going with this.'" *Id.*  On June 8, 2009, Rodriguez received a "Performance Improvement Plan and Final Written Warning." Compl. ¶ 22.

On July 6, 2009, Rodriguez "went out on temporary disability . . . because of stress and [her] personal well-being." *See* Discrimination Charge at 2.  On January 3, 2010, Rodriguez received a letter from Verizon "indicating that [she] [had been] discharged . . . and . . . placed on long term disability." *Id.*

On March 26, 2010, Rodriguez filed a discrimination charge

3

with the Maryland Commission on Human Relations and the Equal Employment Opportunity Commission (the "EEOC"), alleging that she had been discriminated against because of her national origin, and retaliated against for opposing discriminatory practices.[3]  On May 13, 2010, Rodriguez received a right-to-sue letter from the EEOC.  Compl. ¶ 9.

On August 12, 2011, Rodriguez sued in the Circuit Court for Howard County, alleging race and national origin discrimination, and retaliation, in violation of the Howard County Code[4] and the Maryland Fair Employment Practices Act.[5]  ECF No. 2.  Rodriguez alleged that Williams "was less qualified for the position" of national account manager, and "[f]rom March 2008 . . . until January 2, 2010, [Verizon] failed to correct the discriminatory harassment and unfair terms and conditions of employment she received from . . . . Williams and [Rodriguez's direct manager] Catherine Clary (Caucasian) . . . . because of her race and national origin."  Compl. ¶¶ 15, 17-18.  Rodriguez alleged that

---

[3] See Discrimination Charge.  Rodriguez alleged that she was "the only Hispanic female" who had not been "allowed the opportunity to attend [the conference] along with another employee with a surname of Hispanic descent."  Id. at 1.  She also alleged that she had been "subjected to harassment and unfair treatment" after asking for feedback about the selection of the national account manager, and had "experienced retaliation" "[a]s a result of [her] complaints."  Id. at 1-2.

[4] Section 12.208 of Title 12, Subtitle 2.

[5] Md. Code Ann., State Gov't, § 20-606.

she had been fired "in retaliation for opposing the discrimination." Compl. ¶ 5.

On October 21, 2011, Verizon received a copy of the complaint and summons, and, on November 17, 2011, removed the case to this Court on the basis of diversity jurisdiction.[6]

On March 6, 2012, Verizon moved to dismiss or for summary judgment. ECF No. 13. On April 6, 2012, Rodriguez opposed the motion. ECF No. 19. On April 19, 2012, Verizon filed a reply.[7]

II. Analysis

A. Standard of Review

1. Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief can be granted. A Rule 12(b)(6) motion tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts,

---

[6] See ECF No. 1; 28 U.S.C. §§ 1332, 1441. Rodriguez is a citizen of Florida and seeks damages of $300,000. ECF No. 1 at 2. Verizon is a citizen of Colorado, Delaware, and New Jersey. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990) ("diversity jurisdiction in a suit . . . against [an] [unincorporated] entity depends on the citizenship of 'all the members'" of the entity); Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 102 (4th Cir.2011) ("a corporation is a citizen of the states in which it has been incorporated and in which it has its principal place of business."); Verizon's Second Supplement to the Court's Standing Order On Removal, ECF No. 24 (tracing Verizon's citizenship to member corporations that have been incorporated, or have a principal place of business, in Colorado, Delaware, or New Jersey).

[7] ECF No. 20. The opposition and reply were timely. See ECF No. 17 (Court's order granting an extension of time to file).

the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[ ] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679. "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not shown-- that the pleader is entitled to relief." *Id.* (internal quotation

marks omitted).

2. Summary Judgment

Under Fed. R. Civ. P. 56(a), summary judgment "shall [be] grant[ed] . . . if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering a motion for summary judgment, "the judge's function is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The Court must "view the evidence in the light most favorable to . . . the nonmovant," and draw all reasonable inferences in her favor, *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002), but the Court also "must abide by the affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial," *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003).

B. Verizon's Motion

Verizon argues that the Court must dismiss Rodriguez's complaint because she fails to state a claim for retaliatory

discharge, and her claims of other retaliation and discrimination are untimely. ECF No. 13-1 at 10-14. Verizon argues alternatively that it is entitled to summary judgment because it has articulated legitimate, nondiscriminatory reasons for firing Rodriguez, and she has presented no evidence that the company's reasons were pretextual. *Id.* at 14-17.

1. Stating a Claim for Retaliatory Discharge

Verizon argues that the Court must dismiss Rodriguez's retaliatory discharge claim because it "is entirely unsupported by factual allegations." ECF No. 13-1 at 12. The company argues alternatively that it is entitled to summary judgment because Rodriguez has failed to establish that Verizon's articulated reason for terminating her was a pretext. *Id.* at 14.

Rodriguez did not respond to Verizon's argument that she has failed to state a claim for retaliatory discharge, but said that "genuine issues of material fact" preclude summary judgment. *See* ECF No. 19 at 3, 13. She argues that she complained about a hostile work environment on October 24, 2008, and in February 2009, "her performance numbers plummeted," and Verizon "was already making arrangements to terminate her" before she had been approved for long term disability. *Id.* at 13.

The Maryland Fair Employment Practices Act and the Howard

County Code prohibit race and national origin discrimination, and bar an employer from retaliating against an employee who has opposed such discrimination.[8] To state a claim for retaliatory discharge, a plaintiff must allege facts showing that she (1) engaged in a protected activity, (2) the defendant terminated her, and (3) the protected activity was causally connected to her termination.[9]

Protected activity includes "staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities, as well as complain[ts] ... about suspected violations."[10] "[F]or an employee's complaints to constitute a 'protected activity,' the employee must have held a reasonable belief that the complained-of conduct violated [the antidiscrimination statute]." *Gallina v.*

---

[8] *See* Md. Code Ann., State Gov't, § 20-606(a) & (f); Howard County Code, Health & Soc. Servs., § 12-208(a) & (f).

[9] *See Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007) (defining elements of a retaliation claim under Title VII of the Civil Rights Act of 1964); *Chappell v. S. Md. Hosp., Inc.*, 578 A.2d 766, 773 (Md. 1990) (retaliation claim under Maryland law has the same elements as a Title VII retaliation claim). Maryland courts "consult[] federal precedent in the equal employment area" because of the "dearth of [Maryland] jurisprudence on this issue." *Taylor v. Giant of Md., LLC*, 33 A.3d 445, 459 (Md. 2011). Courts interpret the Howard County Code provision *in pari materia* with the state and federal statutes. *See, e.g., Wise v. Gallagher Basset Servs., Inc.*, 228 F. Supp. 2d 671, 672-74 (D. Md. 2002).

[10] *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005) (alterations in original) (internal citations and quotation marks omitted).

*Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C.*, 123 F. App'x 558, 565 (4th Cir. 2005). Protected activity does not include opposition to "all unlawful practices" or "practices the employee simply thinks are somehow unfair"; the employee must have "actually opposed employment practices made unlawful by the [antidiscrimination statute]."[11]

To state a claim for retaliatory discharge, a plaintiff must also allege facts showing that she was fired because of her protected activity. *See Holland*, 487 F.3d at 218. "[E]vidence that the alleged adverse action occurred shortly after the employer became aware of the protected activity is sufficient to satisfy the . . . burden of making a prima facie case of causation."[12] But "[a] lengthy time lapse between the employer becoming aware of the protected activity and the alleged adverse employment action . . . negates any inference that a causal connection exists between the two."[13]

---

[11] *McNair v. Computer Data Sys., Inc.*, 172 F.3d 863 (table), 1999 WL 30959, at *5 (4th Cir. Jan. 26, 1999). *See also Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 543-44 (4th Cir. 2003) (employee engaged in protected activity when she complained to her supervisors that "she had not been promoted . . . because of racial discrimination").

[12] *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998) (internal quotation marks omitted).

[13] *Dowe*, 145 F.3d at 657. Compare *Hooven-Lewis v. Caldera*, 249 F.3d 259, 278 (4th Cir. 2001) ("A six-month lag [between the protected activity and the adverse action] is sufficient to

Rodriguez has failed to state a claim for retaliatory discharge. As a preliminary matter, she has not alleged facts establishing that she engaged in a protected activity. Rodriguez argues that she complained of a hostile work environment in October 2008 and February 2009, but the complaint alleges only that she "asked for feedback on [her] non-selection" for the national account manager position, "escalated her unresolved complaints" to management and human resources "[i]n the fourth quarter of 2008," and "reported the wrongdoing to Alicia Hayes" "on or about the first quarter of 2009." *See* Compl. ¶ 5; Discrimination Charge at 1. Although she asserts that she was "denied training," "placed on restrictions," and had "her performance numbers . . . deliberately manipulated," *see* Compl. ¶¶ 17-18, Rodriguez does not allege that her "unresolved complaints" involved claims of race or national origin discrimination.[14] Mere complaints about unfair treatment

---

negate any inference of causation."), *and Causey v. Balog*, 162 F.3d 795, 803 (4th Cir. 1998) ("A thirteen month interval between the charge and termination is too long to establish causation absent other evidence of retaliation."), *with Silva v. Bowie State Univ.*, 172 F. App'x 476, 478 (4th Cir. 2006) (10 week lapse between protected activity and termination sufficiently established a prima facie case of retaliation), *and Grice v. Baltimore County*, Case No. JFM-07-1701, 2008 WL 4849322, at *9 (D. Md. Nov. 5, 2008) (termination less than four months after the plaintiff had filed an EEOC charge was sufficient to establish a prima facie case of retaliatory discharge).

[14] Hostile work environment is a form of unlawful discrimination.

11

are not protected activity.[15]

Were the Court to accept that Rodriguez engaged in protected activity in October 2008 and February 2009, the Court would still have to dismiss her claim because she has not alleged facts establishing a causal connection between her complaints and her termination. Eleven months passed between her February 2009 complaint and her termination in January 2010. Such a "lengthy time lapse . . . negates any inference that a causal connection exists between the two."[16] Rodriguez's conclusionary assertions to the contrary are insufficient to state a claim for retaliatory discharge. *See Bass*, 324 F.3d at

---

*See Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 66 (1986). To establish a hostile work environment, the plaintiff must show that she was subjected to offending conduct that was (1) unwelcome, (2) based on her race or national origin, (3) subjectively and objectively severe or pervasive enough to alter her conditions of employment and create an abusive atmosphere, and (4) imputable to the employer. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183-84 (4th Cir. 2001).

[15] *See McNair*, 1999 WL 30959, at *5. That Rodriguez complained in "the first quarter of 2009"--after she "was told to transfer to retail because of [the] higher Latino population--does not establish that she complained about unlawful discrimination. *See* Compl. ¶¶ 5, 21; Discrimination Charge at 1. Rodriguez asserts only that she "reported the wrongdoing," *see* Compl. ¶ 21, but does not specify the substance of her internal complaint.

[16] *See Dowe*, 145 F.3d at 657. *See also Hooven-Lewis*, 249 F.3d at 278 (six-month lag negates any inference of causation). Rodriguez argues that, "after [she] began complaining to Human Resources, she was [intimidated] by Kaddia Johnson," *see* ECF No. 19 at 13, but her complaint in this lawsuit makes no mention of such intimidation.

764-65.

In sum, Rodriguez has not alleged facts showing that she engaged in protected activity, or was terminated in retaliation for protected activity. Accordingly, the Court must dismiss her retaliatory discharge claim for failure to state a claim.

2. Timeliness of Rodriguez's Remaining Claims

Verizon argues that Rodriguez's remaining claims are time-barred. *See* Mem. in Supp. of Mot. to Dismiss 10-12.

Under Maryland and Howard County law, civil actions alleging unlawful employment practices must be filed within two years after the allegedly unlawful practices occurred.[17] Because Rodriguez sued on August 12, 2011, her causes of action must have accrued on or after August 12, 2009 to be within the limitations period.

Verizon contends that "Rodriguez does not allege any conduct, discriminatory or otherwise, which occurred after July 6, 2009, when Rodriguez went on leave," and "a claimant must file a charge of discrimination within the appropriate limitations period as to each . . . discrete act of discrimination that occurred." ECF No. 20 at 3.

---

[17] *See* Md. Code Ann., State Gov't, §§ 20-1013 (a lawsuit under Maryland law must be filed "within 2 years after the alleged unlawful employment practice occurred") & 20-1201 (a lawsuit alleging "a discriminatory act prohibited by the [Howard County] code . . . . shall be commenced . . . within 2 years after the occurrence of the alleged discriminatory act").

13

Rodriguez counters that "the hostile work environment started in March of 2008 and continued . . . until her termination in January of 2010." ECF No. 19 at 7. She argues that, "[b]ecause the hostile work environment was never corrected, it was a continuing violation until January 2010," and "her claim is timely." Id. at 8.

"Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (internal quotation marks omitted). "[D]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."[18]

Hostile environment claims, however, "are different" because "[t]heir very nature involves repeated conduct." *Morgan*, 536 U.S. at 115. "[I]n direct contrast to discrete acts, a single act of harassment may not be actionable on its own." Id. "Such claims are based on the cumulative effect of individual acts." Id. "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court

---

[18] *Morgan*, 536 U.S. at 114 (reversing appellate court ruling that "so long as one act falls within the charge filing period, discriminatory and retaliatory acts that are plausibly or sufficiently related to that act may also be considered for the purposes of liability").

for the purposes of determining liability." *Id.* at 117.

To establish a hostile work environment, a plaintiff must show offending conduct that was (1) unwelcome, (2) because of her race or national origin, (3) "sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment," and (4) "imputable to her employer." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011). To establish the third element, the plaintiff must show that "the work environment was not only subjectively hostile, but also objectively so." *Id.* "Such proof depends upon the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere[ly] offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* (internal quotation marks omitted).

Rodriguez alleges that she "went out on temporary disability" on July 6, 2009, and was terminated on January 3, 2010. *See* Discrimination Charge at 2. But she makes no factual assertions about what happened between those dates. Because she has not alleged facts showing discrimination or retaliation after August 12, 2009,[19] she has failed to state a timely claim.

Rodriguez's "continuing violation" argument is not

---

[19] Because she sued on August 12, 2011, any discrimination or retaliation must have happened within the two years preceding the suit. *See* Md. Code Ann., State Gov't, §§ 20-1013, 20-1201.

15

persuasive. She has failed to state a claim for hostile work environment because she has not alleged facts showing that Verizon treated her differently because of her race or national origin. *See Bonds*, 629 F.3d at 385. Nor has she provided sufficient details about her alleged mistreatment to establish that she plausibly suffered "severe or pervasive" harassment that "alter[ed] the conditions of her employment and create[d] an abusive work environment."[20] Accordingly, the Court will

---

[20] *See Bonds*, 629 F.3d at 385. *See also Showell v. Bd. of Educ. of Wicomico Cnty.*, Case No. RDB-10-3477, 2011 WL 5877220, at *12 (D. Md. Nov. 22, 2011) (dismissing hostile work environment claim when the plaintiff alleged that "he was subject to 'intimidation' and 'threats'" and "was 'harassed on multiple teaching assignments'" but failed to "provide concrete examples of the intimidation practices he suffered and only ma[de] conclusory statements as to the hostile and abusive conduct"); *Ferruchi v. Wal-Mart Stores, Inc.*, Case No. WDQ-11-0228, 2011 WL 1748573, at *4-*5 (D. Md. May 5, 2011) (dismissing a hostile work environment claim because the plaintiff's allegations did not show "harassment based on [her] nationality" and her "conclusory assertions that the events occurred for that reason [were] insufficient to show that she [was] entitled to relief"); *Alexander v. Marriott Int'l, Inc.*, Case No. RWT-09-2402, 2011 WL 1231029, at *10 (D. Md. Mar. 29, 2011) (plaintiff failed to state a claim for hostile work environment when she merely alleged that a supervisor had "expressed his dislike for the female Managers, had hostile confrontations with female Managers, made rude comments to her about [another woman] and stated that female Managers do not know how to manage projects as well as the male Managers"; the plaintiff had not alleged that the comments "were frequent, physically threatening, or humiliating, nor [had] she allege[d] that [the] comments interfered with her work performance") (internal quotation marks omitted); *Westmoreland v. Prince George's County*, Case No. AW-09-2453, 2010 WL 3369169, at *13 (D. Md. Aug. 23, 2010) ("Conclusory allegations that Defendant subjected Plaintiff to a hostile work environment 'because of her gender' are insufficient to state a claim when the facts of the Complaint do

dismiss her remaining claims.

III. Conclusion

For the reasons stated above, the Court will grant Verizon's motion to dismiss.

_____7/12/12_____  
Date

_____/s/_____  
William D. Quarles, Jr.  
United States District Judge

---

not support the conclusory allegation."); *Beckford v. Astrue*, Case No. L-08-2730, 2010 WL 2253654, at *2 (D. Md. June 1, 2010) (plaintiff failed to state a claim for hostile work environment when she alleged only that "she was assigned to the 'tedious project' of making corrections to time and leave cards, and in one instance, was referred to as 'the Jamaican Lady'").