IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

| | |
|---|---|
| LIANA RODRIGUEZ, | * |
| Plaintiff, | * |
| v. | *   CIVIL NO.: WDQ-11-3299 |
| CELLCO PARTNERSHIP, d/b/a VERIZON WIRELESS | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

Liana Rodriguez sued Cellco Partnership d/b/a Verizon Wireless ("Verizon") for race and national origin discrimination, and retaliation, in violation of Howard County and Maryland law. On July 13, 2012, the Court granted Verizon's motion to dismiss for failure to state a claim, and directed the Clerk to close the case. ECF No. 26.[1] On August 13, 2012, Rodriguez moved for reconsideration. ECF No. 27.

A motion to reconsider may be construed as a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e), or a

---

[1] The Court held that Rodriguez had not alleged facts showing that she had engaged in protected activity, or was terminated in retaliation for protected activity, and thus dismissed her retaliatory discharge claim. ECF No. 25 at 13. The Court further held that Rodriguez had not alleged facts showing that Verizon treated her differently because of her race or national origin or that she had plausibly suffered sufficiently severe or pervasive harassment, and thus dismissed her remaining claims. *Id.* at 16.

motion for relief from a judgment under Fed. R. Civ. P. 60(b).[2] A motion to alter or amend filed within 28 days of the judgment is analyzed under Rule 59(e); if the motion is filed later, Rule 60(b) controls.[3] Because Rodriguez filed her motion for reconsideration more than 30 days after the judgment, Rule 60(b) will govern.[4]

Under Rule 60(b), a court may grant relief from a judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or misconduct by the opposing party; (4) voidness; (5) satisfaction; or (6) any other reasons that justify relief. *Aikens v. Ingram*, 652 F.3d 496, 500 & n.3 (4th Cir. 2011). A motion for reconsiderat-

---

[2] A "judgment" is "a decree and any order from which an appeal lies," which includes final judgments and appealable interlocutory orders. *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 856 (8th Cir. 2008) (*quoting* Fed. R. Civ. P. 54(a)).

[3] *See* Fed. R. Civ. P. 59(e); *MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 280 (4th Cir. 2008); *In re Burnley*, 988 F.2d 1, 2-3 (4th Cir. 1992).

[4] Rodriguez's motion explicitly seeks reconsideration "pursuant to Fed. R. Civ. P. 59(e)." ECF No. 27. However, because the motion was filed more than 28 days after judgment, this Court is bound to construe it as a Rule 60(b) motion for relief from judgment or order. *See United States v. Brightman*, 408 F. App'x 746, 748 (4th Cir. 2011) (per curiam) (district court's allowing defendant to proceed under Rule 59(e) despite the motion's untimeliness was "not authorized under the Federal Rules of Civil Procedure"; court should have construed the motion as a Rule 60(b) motion); *Bennett v. Principi*, 241 F. App'x 73, 74 (4th Cir. 2007) (per curiam) ("Because these motions were not [timely] filed . . . they are construed as arising under Rule 60(b).").

ion is "not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request." *Sanders v. Prince George's Pub. Sch. Sys.*, No. RWT 08cv501, 2011 WL 4443441, at *1 (D. Md. Sept. 21, 2011).[5]

Rodriguez "respectfully disagrees" with the Court's finding that she did not show a protected activity or a causal connection thereto, warranting dismissal of her retaliatory discharge claim. ECF No. 28 at 1-4. Rodriguez further argues, "[w]ith all due respect to this Court," that she has established a claim for hostile work environment by alleging that the conditions of her employment were so abusive that she suffered "[m]ajor [d]epression." *Id.* at 4. In support, Rodriguez's motion cites, and directly quotes entire paragraphs from, her

---

[5] *See also, e.g.*, *McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 338 (7th Cir. 1984) ("The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for appeal or a means to enlarge indirectly the time for appeal."); *Lauren v. Nellis*, No. 2:10-CV-01544-KJD-PAL, 2013 WL 621935, at *2 (D. Nev. Feb. 19, 2013) ("Mere disagreement with the Court's ruling is not grounds for reconsideration under Rule 60(b)."); *Mintz v. Dietz & Waston Inc.*, No. 05-CV-1470-L(CAB), 2010 WL 4687795, at *3 (S.D. Cal. Nov. 9, 2010) (same); *Munoz v. Bd. of Trs. of Univ. of D.C.*, 730 F. Supp. 2d 62, 67 (D.D.C. 2010) ("Standing alone, a party's disagreement with a district court's legal reasoning or analysis is rarely, if ever, a basis for relief under Rule 60(b)(1)," because "the appropriate place to challenge alleged errors of law is by filing an appeal"); *Revolutions Med. Corp. v. Viverito*, No. 2:07-3711-MBS, 2008 WL 4542877, at *2 (D.S.C. Oct. 6, 2008) ("[m]ere disagreement with the court's decision is not an adequate basis to obtain relief" under Rule 60(b)); *Martin v. Chem. Bank*, 940 F. Supp. 56, 59 (S.D.N.Y. 1996) (same).

initial opposition to Verizon's motion to dismiss. *See generally id.*

Rodriguez is not entitled to relief. She has not shown mistake, surprise, or excusable neglect, nor has she offered newly discovered evidence, evidence of fraud by Verizon, or other grounds for relief. *See Aikens*, 652 F.3d at 500 & n.3. Rodriguez's disagreement with the Court's legal conclusions is not a basis for granting relief from judgment under Rule 60(b). *See, e.g., Sanders*, 2011 WL 4443441, at *1; *Viverito*, 2008 WL 4542877, at *2.

Accordingly, it is, this 21st day of March 2013, ORDERED that:

1. Rodriguez's motion for reconsideration (ECF No. 27) BE, and HEREBY IS, DENIED; and

2. The Clerk of the Court shall send copies of this Memorandum Opinion and Order to counsel for the parties.

William D. Quarles, Jr.
United States District Judge